IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00003-MR

| | |
|---|---|
| JASON CARMONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ADONA MEDICAL HEALTH CARE ) | |
| PROVIDER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court sua sponte.

The incarcerated Plaintiff, Jason Carmona, filed this pro se action pursuant to 42 U.S.C. § 1983 on December 21, 2022,[1] addressing the medical and dental care he received at the Union County Jail (UCJ) where he was a pretrial detainee.[2] He names as Defendants in their individual and official capacities: Adona Medical Health Care Provider, the provider of health care services at UCJ; the Union County Sheriff's Office (UCSO); FNU Greenlee, the head medical supervisor for UCSO and Adona; and Diane

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to a § 1983 case).

[2] The Plaintiff is currently a North Carolina state inmate at the Piedmont Correctional Institution.

LNU, FNU Dozier, and Tracy LNU, nurses for UCSO and Adona. The Plaintiff states on the first page of the Complaint, "Im not sure if this would be considered an amended claim with 3:21-cv-366 or should and could be filed seprately. Im sorry but not sure. Id like this to be a seprate claim for inadequate medical care vs. the failure to protect claim that passed review. Im not trying a piecemiel attempt." [Doc. 1 at 1] (errors uncorrected).

The Plaintiff moved to proceed in forma pauperis. [Doc. 2]. Upon receiving the Plaintiff's prisoner trust account statement, the Clerk entered an Order waiving the initial partial filing fee and directing the correctional facility to transmit partial payments pursuant to 28 U.S.C. § 1915(b)(2). [Doc. 8].

Federal courts "may authorize" a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that she cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). A district court thus has the authority to grant or deny an application to proceed in forma pauperis. Clarke v. Richmond Behav. Health Auth., 402 F. App'x 764, 766 (4th Cir. 2010). This discretion is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." Dillard v. Liberty Loan Corp., 626 F.2d

363, 364 (4th Cir. 1980) (quoting Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915)). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Id. (quoting Ellis v. United States, 356 U.S. 674 (1958)).

The Plaintiff has an extensive history of filing prisoner civil rights lawsuits in North Carolina federal courts. He has had many lawsuits dismissed for various reasons, including for failure to state a claim for relief, for failure to prosecute, for being duplicative of another pending action, for "'serious flaws' mak[ing] it impossible to further process the Complaint," and for lack of jurisdiction and improper venue. Civil Case Nos. 3:19-cv-632 (W.D.N.C) (failure to prosecute), 3:21-cv-211 (W.D.N.C) (lack of jurisdiction/improper venue), 3:22-cv-122 (W.D.N.C) (duplicative), 1:18-cv-769 (M.D.N.C) (failure to prosecute), 1:20-cv-202 (M.D.N.C) (failure to file on proper form), 1:19-cv-566 (M.D.N.C.) ("serious flaws"), 1:20-cv-730 (M.D.N.C.) ("serious flaws"), and 1:21-cv-729 (M.D.N.C.) (failure to state a claim). This Court has previously noted his "flagrant abuse of the judicial process" and "strongly cautioned" him "against filing future lawsuits for any improper purpose, without following required procedure, that he does not intend to fully prosecute and/or that have the effect of taking advantage of or

abusing the Court's limited time and resources." Carmona v. Kiker, 3:22-cv-00264-MR, 2022 WL 2921016 (W.D.N.C. July 25, 2022).

Before the Plaintiff initiated the instant action, he filed another § 1983 action in this Court, Case No. 3:21-cv-00366-MR, in which he claimed that he received deficient treatment for injuries that he allegedly sustained in a March 5, 2021 inmate attack. The Plaintiff then filed another § 1983 action in this Court, Case No. 3:22-cv-00122-MR, in which he named two Jane Doe nurses, Greenlee, and Adona as Defendants, and he again addressed the allegedly deficient treatment of injuries following the March 5, 2021 inmate attack. The Court dismissed Case No. 3:22-cv-122 because it was "so overlapping and duplicative of Case No. 3:21-cv-366 that the Court cannot allow the two actions to proceed simultaneously." [3:22-cv-122, Doc. 12 at 4]. The Court granted the Plaintiff until July 14, 2022 to amend the Complaint in Case No. 3:21-cv-366, in light of the dismissal. [See 3:21-cv-366, Doc. 30]. The Court cautioned the Plaintiff that, if he failed to comply with its Order, the matter would proceed only on the claims that had already passed initial review in Case No. 3:21-cv-366. [Id.]. The Plaintiff chose not to amend in Case No. 3:21-cv-366, stating that he declined to amend and wished to "move forward…" with the case. [Id., Doc. 31 at 1]. On July 25, 2022, the Court entered a Pretrial Order and Case Management Plan setting the

4

discovery cutoff date as November 15, 2022 and the deadline to file dispositive motions as December 15, 2022.  [Id., Doc. 34].  The discovery window closed on December 15, 2022, and on January 12, 2023, the Defendants in Case No. 3:21-cv-366 filed a Motion for Summary Judgment, which is presently pending.  [Id., Doc. 64].  In the present Complaint, the Plaintiff again claims that he received deficient medical treatment following the March 5, 2021 inmate attack.  This appears to be an attempt to evade the Court's Orders in Case Nos. 3:21-cv-366 and 3:22-cv-122, and to file those claims more than five months after the deadline to amend in Case No. 3:21-cv-366 expired.

The Court has carefully reviewed the Plaintiff's extensive litigation history, including the cases discussed *supra*, and concludes that the Plaintiff has engaged in a pattern of abusive, frivolous, malicious, and harassing litigation that demonstrates an improper motive and the lack of good faith.  The Court is unwilling to overlook his extensive history of abusing the privilege of proceeding in forma pauperis.  Accordingly, the Court will exercise its discretion to revoke the Plaintiff's authorization to proceed in forma pauperis pursuant to § 1915(a).

The Plaintiff shall have fourteen days within which to pay the full filing fee. Should he fail to do so, this action will be dismissed without prejudice and without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. The Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments [Doc. 8] is **REVOKED** pursuant to 28 U.S.C. § 1915(a).

2. The Plaintiff shall have **fourteen (14) days** within which to pay the full filing fee. Should he fail to do so, this case will be dismissed without further notice.

**IT IS SO ORDERED.**

Signed: February 8, 2023

Martin Reidinger
Chief United States District Judge