IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00003-MR

| | | |
|---|---|---|
| **JASON CARMONA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **ADONA MEDICAL HEALTH CARE** | ) | |
| **PROVIDER, et al.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on sua sponte review of the record, and on Defendant Union County Sheriff's Office's (UCSO) Amended Motion to Dismiss and Motion for a Prefiling Injunction [Doc. 11].[1]

The incarcerated Plaintiff, Jason Carmona, filed this pro se action pursuant to the 42 U.S.C. § 1983. [Doc. 1]. The Plaintiff moved to proceed in forma pauperis and, on January 18 2023, the Clerk entered an Order waiving the initial partial filing fee and directing that monthly payments be made from the Plaintiff's prison account. [Docs. 2, 8]. On February 8, 2023, the Court revoked the Plaintiff's authorization to proceed in forma pauperis

---

[1] The Defendant's original Motion to Dismiss [Doc. 9] has now been superseded and will be denied as moot. See generally Young v. City of Mount Ranier, 238 F.3d 567 (4th Cir. 2001).

pursuant to 28 U.S.C. § 1915(a), and ordered him to pay the full filing fee within fourteen days. [Doc. 15]. The Plaintiff was cautioned that, "[s]hould he fail to do so, this action will be dismissed without prejudice and without further notice." [Id. at 6].

The Plaintiff has failed to pay the full filing fee, and the time to do so has expired. The Plaintiff appears to have abandoned this action, and the Court is unable to proceed. Accordingly, this case will be dismissed without prejudice for lack of prosecution. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

However, Defendant UCSO has filed a Motion asking the Court to dismiss this action with prejudice as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and to enter a prefiling injunction against the Plaintiff's ability to file future *pro se* actions against Union County, UCSO, Sheriff Eddie Cathey, any employee of Union County, any employee of the Union County Sheriff's Office, or any contractor or employee of a contractor

with Union County or UCSO with respect to the conditions of confinement at the Union County Jail. [Doc. 11].

The Plaintiff opposes the motion, arguing that his claims are meritorious; that he has a limited education and understanding of the law; that he has not acted maliciously; and that his litigation mistakes have been unintentional. [Docs. 12, 14]. He states that he does not intend to file any more claims against UCSO. [Doc. 12 at 1].

The Motion to Dismiss is moot insofar as the Plaintiff has failed to pay the filing fee and the matter will be dismissed for lack of prosecution. The Court will, however, entertain the prefiling injunction described by the UCSO. See Fed. R. Civ. P. 11(b)-(c) ("[T]he court may impose an appropriate sanction" on a party whose filings are intended to "harass, cause unnecessary delay, or needlessly increase the cost of litigation."); Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991) (a court has the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process").

The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation

3

marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Vandyke v. Francis, No. 1:12-cv-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-cv-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the Plaintiff's history of frivolous, vexatious, duplicative, and manipulative litigation in this Court as described in the February 8 Order, especially against UCSO, its employees, and related entities, the Court concludes that a prefiling injunction is warranted. [See Doc. 15 at 3-4]. Moreover, the Plaintiff was previously warned against abusing the judicial process. [See 3:22-cv-264-MR, Doc. 9 at 8-9]. The Plaintiff nevertheless has continued his abusive and burdensome litigation practices, which have caused the Court to expend considerable time and

resources addressing his improper filings. Due to these circumstances, the Court concludes that the Plaintiff will continue his abusive behavior, and in particular his abusive litigation involving UCSO, Union County, and its employees and contractors, if he is not subjected to a prefiling injunction.[2]

Before granting UCSO a prefiling injunction, the Court must offer the Plaintiff the opportunity to explain why the Court should not do so. See Vandyke, 2012 WL 2576746, at *3. If the Plaintiff fails to articulate a reason why the injunction described by UCSO should not be imposed, the Court will enter such an Order. Any proposed filings falling within the parameters of the proposed injunction that are not certified by an attorney will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." Id. at *3.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED WITHOUT PREJUDICE** for failing to comply with the Court's February 15, 2023 Order.

---

[2] If the Plaintiff persists in his abusive and burdensome litigation practices, a more broad pre-filing review system may be entered against him.

2. Defendant Union County Sheriff's Office's original Motion to Dismiss [Doc. 9] is **DENIED AS MOOT**.

3. Defendant Union County Sheriff's Office's Amended Motion to Dismiss and Motion for a Prefiling Injunction [Doc. 11] is **DENIED AS MOOT** in part and **HELD IN ABEYANCE** in part.

4. **IT IS FURTHER ORDERED** that within **fourteen (14) days** of the entry of this Order, the Plaintiff shall file a single document, not to exceed three pages, succinctly explaining why he believes the Court should not impose the pre-filing injunction described by Defendant UCSO. **The Plaintiff is expressly warned that his failure to timely comply with this directive will result in the Court's imposition of the subject pre-filing injunction.**

**IT IS SO ORDERED**.

Signed: March 12, 2023

Martin Reidinger
Chief United States District Judge