IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00003-MR

| | |
|---|---|
| JASON CARMONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ADONA MEDICAL HELTH CARE ) | |
| PROVIDER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Union County Sheriff's Office's Amended Motion to Dismiss and Motion for a Prefiling Injunction[1] [Doc. 11].

The incarcerated Plaintiff, Jason Carmona, filed this action pursuant to 42 U.S.C. § 1983 addressing the medical and dental care that he received in the Union County Jail (UCJ) while he was a pretrial detainee.[2] [Doc. 1]. He named as Defendants in their individual and official capacities: Adona Medical Health Care Provider, the provider of health care services at UCJ;

---

[1] On March 13, 2023, the Court denied the Motion to Dismiss as moot and held the Motion for a Prefiling Injunction in abeyance so that the *pro se* Plaintiff had the opportunity to respond. [Doc. 16].

[2] The Plaintiff is currently a North Carolina state inmate.

the Union County Sheriff's Office (UCSO); FNU Greenlee, the head medical supervisor for UCSO and Adona; and Diane LNU, FNU Dozier, and Tracy LNU, nurses for UCSO and Adona.

The Plaintiff moved to proceed in forma pauperis and, on January 18, 2023, the Clerk entered an Order waiving the initial partial filing fee and directing that monthly payments be made from the Plaintiff's prison account. [Docs. 2, 8]. On February 8, 2023, the Court revoked the Plaintiff's authorization to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) due to his extensive history of filing frivolous and abusive prisoner civil rights lawsuits in North Carolina federal courts, and ordered him to pay the full filing fee within fourteen days. [Doc. 15]. When he failed to do so, the action was dismissed without prejudice for lack of prosecution. [Doc. 16].

Presently before the Court is UCSO's Motion to enjoin the Plaintiff from filing future *pro se* actions against Union County, UCSO, Sheriff Eddie Cathey, any employee of Union County, any employee of the UCSO, or any contractor or employee of a contractor with UCSO with respect to the conditions of confinement at the UCJ. [Doc. 11]. On March 13, 2023, the Court ordered the Plaintiff to show cause, within fourteen days, why the Court should not impose the pre-filing injunction described by UCSO. [Doc. 16]. The Plaintiff was "**expressly warned that his failure to timely comply with**

**this directive will result in the Court's imposition of the subject pre-filing injunction.**"[3] [Id. at 6].

The Plaintiff filed an "Answer" explaining that he "has … agreed that this action was the last one he would file" and that he "will not be filing any 'NEW' civil cases with baseless submissions and would hire an attorney if needed too." [Doc. 18 at 1-2] (errors uncorrected). He goes on to reiterate his claims of inadequate medical care regarding his broken hand, and he asks to move forward with this case when he is able to pay the filing fee in full in "up too 4 years[4] so when [he] is out of prison [he] may move forward on civil suit." [Id.] (errors uncorrected). He claims that he "has just done things wrong" because of his lack of legal knowledge "and it's getting everyone mad and upset." [Id. at 2].

Rule 11(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that

---

[3] The Plaintiff was also cautioned that his continued pursuit of frivolous and harassing *pro se* litigation may also lead to the imposition of a broader pre-filing injunction. [See Doc. 16 at 5, n.2].

[4] A three-year statute of limitations applies to § 1983 actions arising in North Carolina. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015); Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n. 2 (4th Cir. 1991); N.C.G.S. § 1–52.

3

Case 3:23-cv-00003-MR   Document 19   Filed 04/25/23   Page 3 of 8

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If, after notice and a reasonable opportunity to respond, the Court determines that any provision of Rule 11(b) has been violated, the Court may impose sanctions on the party responsible for the violation. Fed. R. Civ. P. 11(c)(1).

A prefiling injunction, however, is "a drastic remedy" which courts must use "sparingly." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Therefore, the Court "should not in any way limit a litigant's access to the courts absent 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" Id. at 817-18 (quoting Brow v. Farrelly, 994 F.2d 1027, 1038 (3d

4

Cir. 1993)). The "'use of such measures against a pro se plaintiff should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the courts.'" Id. at 818 (quoting Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)).

The Fourth Circuit has adopted the following factors to consider when determining whether a prefiling injunction is warranted:

> (1) the party's history of litigation, in particular whether [the party] has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. at 818 (citing Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)). If the Court determines that these factors weigh in favor of issuing a prefiling injunction, the Court "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." Id. at 818. Further, the Court must ensure that the litigant is afforded notice and an opportunity to be heard prior to an injunction being imposed. Id. at 819.

Here, the Plaintiff has an extensive history of civil rights litigation including many lawsuits that have been dismissed for various reasons, including for failure to state a claim for relief, for failure to prosecute, for being duplicative of another pending action, for "'serious flaws' mak[ing] it impossible to further process the Complaint," and for lack of jurisdiction and

5

improper venue. [See Doc. 15 at 3]. Union County, the UCSO, and these entities' employees have been particular targets of the Plaintiff's litigation efforts in this Court. See, e.g., Carmona v. Union County Sheriff's Office, 3:21-cv-00366-MR (W.D.N.C.); Carmona v. Greenlee, 3:22-cv-00122-MR (W.D.N.C.); Carmona v. Union County Sheriff's Office, 3:22-cv-00193-MR, (W.D.N.C. March 8, 2023); Carmona v. Kiker, 3:22-cv-00264-MR (W.D.N.C.); Carmona v. Union County District Attorney, 3:21-cv-00300-MR (W.D.N.C.). This Court has previously noted the Plaintiff's "flagrant abuse of the judicial process" and "strongly cautioned" him "against filing future lawsuits for any improper purpose, without following required procedure, that he does not intend to fully prosecute and/or that have the effect of taking advantage of or abusing the Court's limited time and resources." Carmona v. Kiker, No. 3:22-cv-00264-MR, 2022 WL 2921016 (W.D.N.C. July 25, 2022).

Here, the Plaintiff's "Answer" fails to articulate any cogent reason why a pre-filing review system should not be imposed. After carefully weighing the applicable considerations, the Court concludes that the Plaintiff will continue abusing the judicial process by filing harassing and duplicative litigation against Union County, UCSO, and its contractors and employees without the requested injunction. For this reason, and for all of the reasons

6

set forth in the Court's prior Order [Doc. 16], the Court will direct that Plaintiff shall be enjoined from filing future pro se actions against Union County, UCSO, Sheriff Eddie Cathey, any employee of Union County, any employee of the UCSO, or any contractor or employee of a contractor with UCSO with respect to the conditions of confinement at the UCJ, unless the complaint is certified by an attorney licensed in North Carolina to be non-frivolous. Accordingly, the UCSO's Amended Motion to Dismiss and Motion for a Prefiling Injunction is granted in part and the requested pre-filing injunction is entered against the Plaintiff.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Union County Sheriff's Office's Amended Motion to Dismiss and Motion for a Prefiling Injunction [Doc. 11] is **GRANTED IN PART**.

2. The Plaintiff is hereby **ENJOINED** from filing future pro se actions against Union County, UCSO, Sheriff Eddie Cathey, any employee of Union County, any employee of the UCSO, or any contractor or employee of a contractor with UCSO with respect to the conditions of confinement at the UCJ, unless the complaint is certified by an attorney licensed in North Carolina to be non-frivolous.

The Clerk is respectfully instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF, and to mail a copy of this Order to the Plaintiff.

**IT IS SO ORDERED.**

Signed: April 24, 2023

Martin Reidinger
Chief United States District Judge